IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LORA KING, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:10-CV-0042-BH |
| § | |
| LIFE SCHOOL, et. al., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's Order of Reassignment, filed May 12, 2010, and the consent of the parties, this matter was transferred for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before the Court are the *Motion by Tom Wilson and Keith Shull to Dismiss Individual Defendants*, filed May 11, 2010 (doc. 16), and the *Motion by Lora King for Tom Wilson and Keith Shull to Be Held in their Individual Capacities*, filed June 1, 2010, (doc. 21). Based on the relevant filings, evidence, and applicable law, the motion to dismiss is **GRANTED**, and Plaintiff's motion is **DENIED**.

### I. BACKGROUND

Plaintiff Lora King sues her former employer, Life School, supervisor Keith Shull, and Superintendent Tom Wilson, for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Her one-paragraph complaint, filed October 15, 2008, and a civil cover sheet accompanying it, allege discrimination based on age, race, and gender, and retaliation. The individual defendants move to dismiss the claims against them under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff moves the Court to hold the individuals

liable in their individual capacities. The matter is now ripe for determination.

## II. STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In the 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [his or] her claim." *Collins*, 224 F.3d at 499 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

When a party presents "matters outside the pleading" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 & n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56", and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Here, the individual defendants attach to their motion an affidavit stating that they are

employees of Life School. Plaintiff does not attach or specifically refer to this affidavit in its complaint, and the affidavit is not a matter of public record subject to judicial notice. The affidavit, therefore, constitutes a matter outside the pleadings, and the Court cannot consider it without converting the motion into a motion for summary judgment pursuant to Fed R. Civ. P. 56. *See Scanlan v. Tex. A &M Univ.*, 343 F.3d 533, 539 (5th Cir. 2003) (holding that district court should have considered the evidence in support of the motion to dismiss). Since Plaintiff's own complaint identifies Shull as her supervisor and Wilson as the superintendent of Life School, the affidavit does not serve a purpose, and the Court exercises its complete discretion to exclude it.

### III. ANALYSIS

The individual defendants move under 12(b)(6) to dismiss Plaintiff's claims against them on grounds that Title VII does not allow them to be held individually liable.

It is well settled that "individuals are not liable under Title VII in their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 (5th Cir. 200); *Smith v. Amedisys Inc.*, 298 F.3d 434, 449 (5th Cir. 2002); *see also Baldwin v. Layton*, 300 F.App'x 321, 323 (5th Cir. 2008) (citing *Ackel* and *Amedisys*). According to Title VII, it is unlawful for an employer to discriminate against an employee, or for an employer to retaliate against the employee for opposing such discrimination. 42 U.S.C. §§2000e-2(a), 3(a). The statute defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). Although Title VII expressly references employers' agents, the Fifth Circuit has held that the statute does not impose individual liability. *Amedisys*, 298 F.3d at 449; *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). Congress'

purpose in including agents within the definition of employer was to provide for respondeat superior liability within the coverage of the statute rather than providing for individual liability. *Indest*, 164 F.3d at 262 (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994). As a result, an individual may sue his employer for respondeat superior liability, but may not sue the individual agent under Title VII liability.

Here, Plaintiff's complaint identifies the individual defendants as her direct supervisor and the superintendent of her employer. Because they are agents of her employer, the Title VII claims against them are not cognizable under Fifth Circuit law and must be **DISMISSED** for failure to state a claim upon which relief can be granted.

## IV.  CONCLUSION

The individual defendants' motion to dismiss (doc. 16) is **GRANTED**, and Plaintiff's motion to hold them liable (doc. 21) is **DENIED**. Plaintiff's Title VII claims against the individual defendants are **DISMISSED** with prejudice.

**SO ORDERED** on this 24th day of June, 2010.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE