IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORA KING, | § | CIVIL ACTION NO. |
| *Plaintiff*, | § | |
| | § | |
| v. | § | 3-10-CV-042-BH |
| | § | |
| LIFE SCHOOL, et al. | § | |
| *Defendants*. | § | Jury Trial Demanded |

**REPLY BY DEFENDANT LIFE SCHOOL TO
PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
LIFE SCHOOL'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE IRMA CARRILLO RAMIREZ,
UNITED STATES MAGISTRATE JUDGE:

Life School ("Defendant") files this Reply to Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment (Document 49) (hereafter "Response"), pursuant to the Court's January 31, 2011 Order (Document 43), as follows:

## I. INTRODUCTION

1. Defendant incorporates by reference all recitation of background information included in its Motion for Summary Judgment (Document 41).

2. Defendant's Motion for Summary Judgment demonstrates:

   i. Plaintiff has not established a *prima facie* case of discrimination, in that she has not alleged, has she demonstrated, that she was replaced by someone outside the protected class;
   ii. neither has Plaintiff established a *prima facie* case in that she has not alleged, nor has she shown that other similarly-situated employees outside the protected class were treated differently;
   iii. even were Plaintiff able to establish a *prima facie* case of discrimination, Defendant has articulated legitimate, non-discriminatory reasons – namely poor performance and misconduct – for Plaintiff's termination;
   iv. Plaintiff has provided no argument or evidence of pretext. *See id.*

## II. DEFENDANT'S REPLY

### A. *Plaintiff's Response Offers No Evidence Refuting Defendant's Summary Judgment Arguments*

3. To defeat a motion for summary judgment, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2); *see McAlpine v. Porsche Cars N. Am. Inc*., 2010 U.S. App. LEXIS 11240 at *6-7 (5th Cir. Tex. June 2, 2010). "Mere 'improbable inferences' and 'unsupported speculation' are not proper summary judgment evidence." *Zarnow v. City of Wichita Falls Tex*., 614 F.3d 161, 169 (5th Cir. 2010) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994)).

4. Further, "[a]lthough *pro se* litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, [the court has] never allowed such litigants to oppose summary judgments by the use of unsworn materials." *Gordon v. Watson,* 622 F.2d 120, 123 (5th Cir. 1980) (*per curiam*). .

5. Though Plaintiff's Response is replete with her description of the events leading to her termination, they are her subjective beliefs. Plaintiff offers no sworn materials in support of her arguments opposing Defendant's claims, and has thus failed to offer any evidence disproving Defendant's summary judgment arguments. *Id.*

### B. *Plaintiff's Reply Fails To Prove A Prima Facie Case Of Discrimination*

6. Defendant has conceded in its Motion for Summary Judgment that Plaintiff is a member of a protected class; that she was qualified for the position for which she was hired, and she suffered an adverse employment action. Defendant then argued that Plaintiff is yet unable to demonstrate a *prima facie* case of discrimination in that she had not alleged, nor could she

demonstrate that she had been replaced by someone not of her protected class. *See* Defendant's Motion for Summary Judgment, p. 8.

7. Plaintiff's argues in her Response that upon her termination she was not replaced by one individual, but that her job responsibilities were divided and distributed amongst a minimum of five other employees of unidentified race and age. *See* Plaintiff's Response, p. 12.

8. Plaintiff's claims are refuted by uncontroverted summary judgment evidence.[1] *See* Defendant's Motion, Appendix, p. 00005 (Exhibit 1). Plaintiff's claims are themselves mere argument, and not competent summary judgment evidence. *Zarnow, supra.* Even were her arguments evidentiary, the establishment of a *prima facie* case would continue to allude Plaintiff, in that Plaintiff does not allege that she was replaced by someone outside her protected class, but rather by five individuals of unidentified race.

9. In attempting to demonstrate a *prima facie* case Plaintiff argues in her Response that Defendant treated similarly-situated employees, outside Plaintiff's protected class, more favorably than Plaintiff. *See* Plaintiff's Response, p. 10. However, she provides no names, dates, or details whatsoever to support this argument. As noted in Defendant's Motion, Plaintiff could not identify similarly-situated employees of Defendant who were treated differently. *See* Defendant's Motion, pp. 8-9. The "similarly-situated" **teachers** offered by Plaintiff are not nearly "similarly-situated," much less occupying positions "nearly identical" to Plaintiff's former position, that of paraprofessional, as would be required in order to establish a *prima facie* discrimination claim. *See Williams v. Trader Publ'g Co.*, 218 F.3d 481, 484 (5th Cir. 2000).

---

[1] Following Plaintiff's termination, the Registrar position was restructured such that it became a new position with different duties, requiring increased skills. *See* Defendant's Motion, Appendix, p. 00005 (Exhibit 1). The restructured Registrar position, to which some of Plaintiff's former duties were assigned, was filled by a Caucasian female who previously worked in the school's administrative office. *See id.* The majority of the remaining duties were added to the job duties of a different position, currently held by an African-American female. *See id.*

      C.    *Plaintiff Cannot Prove Defendant's Articulated Reasons For Her Termination Are Pretext Or Discrimination*

10. In response to Defendant's thorough and well-supported explanation of the reasons for Plaintiff's termination, *see* Defendant's Motion, pp. 2-5, Plaintiff provides with her Response, a narrative outlining her contributions to Life School, as a parent and employee. *See* Plaintiff's Response, pp. 1-11. Plaintiff's unsupportive narrative argument cannot be considered as competent summary judgment evidence refuting Defendant's articulated and supported reasons for terminating Plaintiff's employment, or to demonstrate pretext. *See McAlpine*, 2010 U.S. App. LEXIS 11240 at *6-7; *Zarnow*, 614 F.3d at 169. Thus, Defendant's articulated legitimate, business-related, non-discriminatory reasons for terminating Plaintiff's employment go unchallenged and uncontroverted.

11. Even were Plaintiff's arguments considered competent evidence, she "cannot survive summary judgment simply by denying or explaining her alleged deficiencies." *Ramirez v. Gonzales*, 225 Fed. App'x. 203, 207 (5th Cir. 2007). In fact, "even an incorrect belief that an employee's performance is inadequate constitutes a legitimate, nondiscriminatory reason." *Id*. The proper inquiry is "whether [Life School]'s perception of [King]'s performance, accurate or not, was the real reason for her termination." *Shackelford v. DeLoitte & Touche, LLP*, 190 F.3d 398, 408-09 (5th Cir. 1999); *see also Laxton v. Gap Inc.*, 333 F.3d 572, 579 (5th Cir. 2003) ("[The inquiry] is not whether [the employer]'s proffered reason was an incorrect reason for [the discharge]").

12. Plaintiff implies, through citations to cases from sister circuits, that Defendant participated in a "ploy in the reconstruction of [Plaintiff's] employment which is calculated to disguise the act of discrimination toward the Plaintiff." *See* Plaintiff's Response, p. 12. The cases cited by Plaintiff, however, refer to matters in which the court found that the employers'

5

shifting and changing justifications for the former employees' termination provided evidence in support of a pretext claim. *See, e.g., Washington v. Garrett*, 10 F.3d 1421, 1434 (9th Cir. 1993) (stating that "in the ordinary case, such fundamentally different justifications for an employer's action . . . give rise to a genuine issue of fact with respect to pretext since they suggest the possibility that . . . the official reasons [were not] the true reason[s]"); *Castleman v. Acme Boot Co.*, 959 F.2d 1417, 1422 (7th Cir. 1992) (stating that inconsistencies in the decision-making employer's testimony could support a finding of pretext). Plaintiff's out-of-Circuit authorities are thus not relevant to the issues at hand.

13. By contrast, Defendant has maintained since Plaintiff's termination, and her subsequent EEOC filing,[2] *see* Defendant's Motion, Appendix, pp. 00040-00044 (Exhibit 3), that Plaintiff was terminated due to deficient job performance. *Cf. Staten v. New Palace Casino, LLC*, 187 Fed. App'x 350, 359 (5th Cir. 2006) **("**When an employer offers inconsistent explanations for its employment decision at different times . . . the [fact finder] may infer that the employer's proffered reasons are pretextual.") (citations omitted). Thus, Plaintiff's offered authorities are irrelevant to the case at hand.

14. Plaintiff has failed to offer evidence proving Defendant's articulated reasons for her termination were pretext for discrimination.

IV. **CONCLUSION**

15. Plaintiff's Response offers no reasonable argument of competent evidence to defend against Defendant's Summary Judgment Motion and evidence. An employee's subjective belief that she suffered an adverse employment action as a result of discrimination,

---

[2] Defendant notes Plaintiff's argument that the EEOC's "Right to Sue" letter, issued in conjunction with its dismissal of her claim, implied the Commission's belief that "there is an adequate basis in law and facts to pursue a claim." *See* Plaintiff's Response, p. 10. To the contrary, a dismissal reflects the Commission's decision that based on the information it obtained, it was unable to conclude that violations occurred. *See* Defendant's Motion, Appendix. p. 00112-00113 (Exhibit 7).

6

...

without more, cannot survive a summary judgment motion, especially when that belief is rebutted by proof of an adequate nondiscriminatory reason for the employment action. *See, e.g., Tandem Computers, Inc.*, 63 F.3d at 435 (noting that assertions of discrimination are inadequate to permit a finding that the believed discrimination motivated the employer's actions against the employee). Based on all of the above, Plaintiff's discrimination claim fails as a matter of law and the Defendant's motion to dismiss this lawsuit should be granted.

## V.  PRAYER

WHEREFORE, Defendant Life School respectfully requests that the Court grant its Motion for Summary Judgment, enter an order dismissing Plaintiff's claims with prejudice, and grant all such other and further relief to which it may show itself justly entitled.

DATED: March 4, 2011.

Respectfully submitted,

**ROGERS, MORRIS & GROVER, L.L.P.**

_____
Robert A. Schulman
*rschulman@rmgllp.com*
State Bar No. 17834500
Tiffanie S. Clausewitz
*tclausewitz@rmgllp.com*
State Bar No. 24051936
517 Soledad Street
San Antonio, Texas 78205-1508
Telephone: (210) 242-3300
Facsimile: (210) 242-3333
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

On March 4, 2011, I electronically submitted the foregoing document with the Clerk of Court for the U. S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served a copy on *pro se* Plaintiff as follows:

>Ms. Lora King, 8641 Vista Grande Drive, Dallas, Texas 75249, *Pro Se* Plaintiff, by Certified Mail Return Receipt Requested, Regular First Class Mail and e-mail transmission.

Attorney for Defendant