**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LORA KING** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | **3-10-CV-042-BH** |
| | § | |
| **LIFE SCHOOL**, *et al.* | § | **Jury Trial Demanded** |

**LIFE SCHOOL'S REPLY TO PLAINTIFF'S RESPONSE**
**TO LIFE SCHOOL'S MOTION TO DISMISS**

Defendant Life School respectfully files this Reply to Plaintiff's Brief in Opposition [to]

Life School's [Rule] 12(b)(1) and 12(h)(3) Motion to [Dismiss for] Want of Subject Matter

Jurisdiction (Document 63) (hereafter "Plaintiff's Response"), filed with this Court on May 25,

2011.

A Brief in support of this Motion is submitted herewith.

Respectfully submitted,

**ROGERS, MORRIS & GROVER, L.L.P.**

Robert A. Schulman
*rschulman@rmgllp.com*
State Bar No. 17834500
Joseph E. Hoffer
*jhoffer@rmgllp.com*
State Bar No. 24049462
Tiffanie S. Clausewitz
*tclausewitz@rmgllp.com*
State Bar No. 24051936
517 Soledad Street
San Antonio, Texas 78205-1508
Telephone: (210) 242-3300
Facsimile:  (210) 242-3333
**ATTORNEYS FOR DEFENDANT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LORA KING** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | **3-10-CV-042-BH** |
| | § | |
| **LIFE SCHOOL**, *et al.* | § | **Jury Trial Demanded** |

**TABLE OF CONTENTS FOR BRIEF IN SUPPORT OF
LIFE SCHOOL'S REPLY TO PLAINTIFF'S RESPONSE
TO LIFE SCHOOL'S MOTION TO DISMISS**

**Page**

Table of Authorities ..................................................................................................i

Brief in Support of Life School's Reply to Plaintiff's Response to
Life School's Motion to Dismiss ..............................................................................1

    I.      Introduction................................................................................................1

    II.    Defendant's Reply ....................................................................................2

          A.     Plaintiff's Lawsuit Cannot Expand Into Newly-Asserted
                Age Discrimination and Retaliation Claims ...........................................2

                i.     Failure to Exhaust .....................................................................3

                ii.    Notice Requirements and *Pro Se* Plaintiff .................................5

                iii.   Allegation of Clerical Errors......................................................7

          B.     Plaintiff's Attempt to Add New Constitutional Claims Must
                Fail .........................................................................................................8

                i.     Plaintiff's New Claims...............................................................8

                ii.    Procedural Requirements of Amendment of
                     Pleadings ...................................................................................9

    III.   Conclusion ...............................................................................................12

    IV.   Prayer ......................................................................................................12

Certificate of Service ............................................................................................13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LORA KING** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | **3-10-CV-042-BH** |
| | § | |
| **LIFE SCHOOL,** *et al.* | § | **Jury Trial Demanded** |

**TABLE OF AUTHORITIES FOR BRIEF IN SUPPORT OF
LIFE SCHOOL'S REPLY TO PLAINTIFF'S RESPONSE
TO LIFE SCHOOL'S MOTION TO DISMISS**

**Statutes**                                                                                              **Page(s)**

Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* .....................*passim*

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*...............*passim*

Uniformed Services Employment and Reemployment Rights Act ("USERRA"),
38 U.S.C. § 4301 *et seq.*............................................................................................................1

28 U.S.C. § 1331 ..............................................................................................................................9

28 U.S.C. § 1343 ..............................................................................................................................9

42 U.S.C. § 1981 .....................................................................................................................8, 9, 11

42 U.S.C. § 1983 .....................................................................................................................8, 9, 11

**Federal Rules**

Fed. R. Civ. P. 12(b)(1) .................................................................................................................1

Fed. R. Civ. P. 12(h)(3) .................................................................................................................1

Fed. R. Civ. P. 15(a)(2) .................................................................................................................9

**Cases**

*Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806 (9th Cir. 2010).........................10

*Codd v. Velger*, 429 U.S. 624 (1977)............................................................................................11

*Connick v. Myers*, 461 U.S. 138 (1938).........................................................................................8

**Cases, cont'd**                                                                   **Page(s)**

*Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828 (5th Cir. 1999) ....................................9

*Evenson v. Sprint/United Mgmt. Co.*, No. 3:08-CV-0759-D, 2008 U.S. Dist.
LEXIS 65661 (N.D. Tex. Aug. 21, 2008)................................................................6

*Garcetti v. Ceballos*, 547 U.S. 410 (2006) .............................................................11

*Garrett v. Judson Indep. Sch. Dist.*, 299 Fed. App'x 337 (5th Cir. 2008)................7

*Gentilello v. Rege*, 627 F.3d 540 (5th Cir. 2010)....................................................11

*Grace v. Bank of Am.*, No. 3:03-CV-1294-D, 2003 U.S. Dist. LEXIS 23218 (N.D.
Tex. Dec. 23, 2003)................................................................................................3, 4

*Gupta v. East Texas State University,* 654 F.2d 411 (5th Cir. 1981)........................4

*Hayes v. MBNA Tech., Inc.*, No. 3:03-CV-1766-D, 2004 U.S. Dist. LEXIS 10628
(N.D. Tex. June 9, 2004)...........................................................................................6

*Hinds v. Slagel,* No. 3:00-CV-2372-D, 2001 U.S. Dist. LEXIS 19705 (N.D. Tex.
Nov. 29, 2001) ......................................................................................................8, 9

*Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) .....................................2

*Jacobsen v. Osborne*, 133 Fl 3d 315 (5th Cir. 1998)..............................................9

*Kretchmer v. Eveden, Inc.*, 374 Fed. App'x. 493 (5th Cir. 2010).....................3, 6, 7

*Lawrence v. United Airlines, Inc.*, No. 3:01-CV-0809-H, 2002 U.S. Dist. LEXIS
12559 (N.D. Tex. July 10, 2002) .............................................................................7

*Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1993) .........................................2

*Louisiana v. Litton Mortgage Co.*, 50 F.3d 1298 (5th Cir. 1995)...........................10

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ..............................................2

*Manning v. Chevron Chem. Co.*, 332 F.3d 874 (5th Cir. 2003) ...............................5

*Ohnesorge v. Winfree Academy Charter School,* 328 S.W.3d 654 (Tex. App.—
Dallas, no pet.) .......................................................................................................10

*Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. Tex. 2006) ...........................................5

**Cases, cont'd**                                                                                                    **Page(s)**

*Patton v. Fujitsu*, No. 3:02-CV-1848-G, 2002 U.S. Dist. LEXIS 21589 (N.D. Tex. Nov. 7, 2002) ...........................................................................................................7

*Pickering v. Board of Education*, 391 U.S. 563 (1968) .............................................8

*Reasoner v. Hous. Auth. of the City of Teague*, 286 Fed. App'x 878 (5th Cir. 2008) .............................................................................................................................9

*Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970) ..............................5

*Sapp v. Potter*, No. 10-40364, 2011 U.S. App. LEXIS 3476 (5th Cir. Tex. Feb. 22, 2011) .....................................................................................................................4

*Smith v. EMC Corp.*, 393 F.3d 590 (5th Cir. 2004) ..............................................9, 10

*Stearman v. Comm'r*, 436 F.3d 533 (5th Cir. 2006) ................................................2

*Thomas v. Texas Dep't of Criminal Justice*, 220 F.3d 389 (5th Cir. 2000) ..............3

*United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994) ............................................8, 9

*Walker v. Uncle Bens*, No. 4:97cv65-D-B, 1998 U.S. Dist. LEXIS 4648 (N.D. Miss. Mar. 27, 1998) .................................................................................................5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LORA KING** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | **3-10-CV-042-BH** |
| | § | |
| **LIFE SCHOOL,** *et al.* | § | **Jury Trial Demanded** |

**BRIEF IN SUPPORT OF LIFE SCHOOL'S REPLY TO**
**PLAINTIFF'S RESPONSE TO LIFE SCHOOL'S MOTION TO DISMISS**

TO THE HONORABLE IRMA CARRILLO RAMIREZ, U. S. MAGISTRATE JUDGE:

Life School ("Defendant") files this Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Document 63) (hereafter "Plaintiff's Response"), pursuant to the Court's May 4, 2011 Order (Document 61), as follows:

I.   **INTRODUCTION.**

At the outset, Defendant incorporates by reference all recitation of background information included in its Rule 12(b)(1) and 12(h)(3) Motion to Dismiss for Want of Subject Matter Jurisdiction (Document 59) (hereafter "Defendant's Motion to Dismiss") and Defendant's Motion for Summary Judgment and Reply Brief (Documents 41 and 51).

In sum, Defendant argued the following:  first, that Plaintiff's claims for Title VII retaliation and ADEA age discrimination should be dismissed for failure to exhaust administrative remedies; and second, that Plaintiff did not plead Title VII gender discrimination or USERRA claims.  *See id.*

Plaintiff did not address Defendant's Title VII gender discrimination or USERRA arguments in her Response.  Once a defendant challenges the court's subject matter jurisdiction in a Motion to Dismiss, the plaintiff has the burden to prove the court has subject matter jurisdiction over the suit.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Howery*

*v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir. 2001).  Failure to adequately establish subject matter jurisdiction mandates dismissal.  *See id.* at 919; *see also Stearman v. Comm'r*, 436 F.3d 533, 537 and n.9 (5th Cir. 2006) (citing *Little v. Liquid Air Corp*., 37 F.3d 1069, 1071 n.1 (5th Cir. 1993) (en banc) (per curiam)) (affirming the court's dismissal for failure to state a claim, and noting plaintiff's failure to address the claims in his response to defendant's Motion to Dismiss).  Consequently, in this Reply, Defendant will address Plaintiff's arguments regarding Title VII retaliation and ADEA age discrimination.

In addition to the Title VII retaliation and ADEA claims, Plaintiff in her Response, for the first time attempts to raise constitutional claims averring generally to liberty, freedom of speech, equal protection and due process.  Plaintiff also invokes 42 U.S.C. §§ 1981 and 1983.  Out of an abundance of caution, Defendant will briefly address these issues below.

## II.    <u>DEFENDANT'S REPLY</u>.

    A.    <u>*Plaintiff's Lawsuit Cannot Expand Into Newly-Asserted Age Discrimination And Retaliation Claims*</u>

Plaintiff selected "race" and only "race" on her EEOC Charge form; she thus made race the sole basis of her discrimination claims against Defendant, and provided facts in support of her race claim stating that "non-Blacks" were treated differently than her.  *See* Appendix to Defendant Life School's Motion for Summary Judgment (Document 42-1) (hereafter "Defendant's Motion for Summary Judgment"), p. 109.  Said Plaintiff,   "I believe I have been discriminated against **because of my race, Black,** in violation of Title VII of the Civil Rights Act of 1964, as amended, **in that non-Blacks,** specifically Tyler Heugel, Clarissa Ross, James Watkins and Amanda Fletcher, **received performance warnings and I did not."**  *See id.* (emphasis added).

For such reason, Plaintiff's statement in her Response that she "filed her charge based on Title VII claim and ADEA claim" (Document 63, p. 3) is an obvious misrepresentation of her Charge.   In fact, Plaintiff's Charge of Discrimination, filed with the EEOC and supplied to Defendant as notice of Plaintiff's claims, **made no claims regarding age, nor any protected characteristic other than race.** *See* Appendix to Defendant's Motion for Summary Judgment, p. 109.

In light of her Charge, Plaintiff's statement in her Response that she had claimed in her Charge that others with "less seniority, younger, and Caucasian were retained in spite of them receiving warnings," equally misrepresents the record.   Plaintiff's Response, p. 3.   Plaintiff's "seniority" and age reference appeared for the first time in Plaintiff's lawsuit.   *See* Plaintiff's Complaint (Document 1), p. 1.

### i.   *Failure to Exhaust*

As noted in Defendant's Motion to Dismiss, "[w]hile mere failure to check a box does not necessarily indicate a failure to exhaust…a plaintiff can only pursue a lawsuit that can 'reasonably be expected to grow out of the **charge of discrimination**[.]'" *Kretchmer v. Eveden, Inc.*, 374 Fed. App'x. 493, 495 (5th Cir. 2010) (internal cites omitted) (emphasis added); *see also Thomas v. Texas Dep't of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000) (finding the plaintiff's subsequent race discrimination claim before the court did not reasonably grow out of her gender discrimination claim to the EEOC).   For example, in *Grace v. Bank of Am.*, where the "age" box and "retaliation" box were not checked, and the four corners of the Charge contain no details regarding retaliation or age "[t]he race discrimination claim that is included in the charge is not sufficiently like or related to her age discrimination claim that it would likely be within the scope of the EEOC investigation that could reasonably be expected to grow out of the

charge." *Grace v. Bank of Am.*, No. 3:03-CV-1294-D, 2003 U.S. Dist. LEXIS 23218 (N.D. Tex. Dec. 23, 2003).[1]

 The court's reasoning in *Grace* applies to Plaintiff's attempt to raise a Title VII retaliation claim. Here, Plaintiff selected only "race" discrimination on her Charge; she did not allege or suggest that she was subjected to any form of retaliation. *See* Appendix to Defendant's Motion for Summary Judgment, p. 109. The Fifth Circuit has held that district courts have ancillary jurisdiction to hear post-charge retaliation claims when the retaliation claims **grow out of an earlier charge that has been properly** exhausted. *Gupta v. East Texas State University,* 654 F.2d 411, 414 (5th Cir. 1981) (emphasis added). However, where, as here, the alleged retaliation occurred in advance of the EEOC filing, exhaustion is required or the Court is deprived of jurisdiction over the retaliation claim. *Compare id. with Sapp v. Potter*, No. 10-40364, 2011 U.S. App. LEXIS 3476 at *7-8 (5th Cir. Tex. Feb. 22, 2011) (distinguishing its prior holding in *Gupta,* highlighting that the exhaustion exception for retaliation claims is limited to retaliation stemming from the plaintiff's filing of an EEOC Charge, not to retaliation which allegedly incepted at the same time as other discrimination claims); *Walker v. Uncle Ben's*, No. 4:97cv65-D-B, 1998 U.S. Dist. LEXIS 4648 at *28 (N.D. Miss. Mar. 27, 1998) (finding that as plaintiff did not have any EEOC claims pending at the time of the alleged retaliation, failure to exhaust administrative remedies deprived the court of jurisdiction to hear the retaliation claim).

 Especially here, where Plaintiff's Charge omitted claims of age discrimination or Title VII retaliation, Plaintiff may not now expand her lawsuit to include such claims.

---

[1] Further, Defendant notes that after receiving Plaintiff's EEOC Charge of Discrimination based on "race," it provided a position statement responding to that allegation only. *See* Appendix to Defendant's Motion for Summary Judgment, pp. 109-11. The EEOC then dismissed the charge; never did it issue a "Request for Information" clarifying Plaintiff's race claim or adding any other potential claims, much less information on "unaddressed" age and retaliation claims. *Id.* at 112.

### ii.      Notice Requirements and Pro Se Plaintiff

Plaintiff states, without citing authority, that the "reasonably-related" exception to the exhaustion requirement is "essentially an allowance of loose pleading" for the benefit of *pro se* complainants.  *See* Plaintiff's Response, p. 3.   However, even *pro se* plaintiffs are not permitted uninhibited access to the courts.  While a *pro se* plaintiff's EEOC Charge may be provided some flexibility (*see Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. Tex. 2006) (citing *Sanchez v. Standard Brands, Inc*., 431 F.2d 455, 463 (5th Cir. 1970)), the Fifth Circuit in *Pacheco* stated:

> **[A] primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims.  Indeed, "[a] less exacting rule would also circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance.  With that balance in mind, this court interprets what is properly embraced in review of a Title VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which "can reasonably be expected to grow out of the charge of discrimination."  We engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look [only] slightly beyond its four corners, to its substance rather than its label.**

*Id.* at 788-89 (internal citations omitted).  Thus, while a *pro se* Charge may include such claims that "can reasonably be expected to grow out of the charge" only looking "slightly beyond the four corners" of the Charge, the Title VII notice requirements to an employer permitting that employer an opportunity to consider and respond to a Title VII or ADEA complaint through the administrative remedy process must remain intact – otherwise the statutory scheme is undermined.  The notice requirement remains an essential element of an EEOC Charge, the purpose of the requirement being to put an employer on notice of the existence and nature of the charges against it.  *Manning v. Chevron Chem. Co*., 332 F.3d 874, 879-80 (5th Cir. 2003).

Defendant was not provided with Plaintiff's EEOC intake questionnaire nor was Defendant privy to discussions Plaintiff may have had with an EEOC intake official. Defendant was provided only with the Charge. *See* Appendix to Defendant's Motion for Summary Judgment, p. 109-11. The Title VII complaint provided Defendant was expressly limited to Plaintiff's race. *See id.* p. 109. Defendant had no notice of any other claim aside from race discrimination and was not provided an opportunity to address any additional allegations. This Court has stated:

> [W]hen determining whether a claim has been exhausted, the decision is to be based on the four corners of the EEOC charge, but the court may also consult related documents, such as a plaintiff's affidavit, her response to the EEOC questionnaire, and attachments to the response, when (1) the facts set out in the document are a reasonable consequence of a claim set forth in the EEOC charge, and (2) **the employer had actual knowledge of the contents of the document during the course of the EEOC investigation**.

*Hayes v. MBNA Tech., Inc*., No. 3:03-CV-1766-D, 2004 U.S. Dist. LEXIS 10628, 21-22 (N.D. Tex. June 9, 2004) (emphasis added); *see also Kretchmer*, 2009 U.S. Dist. LEXIS 27491, at *14-16 (holding EEOC Charge could not be construed in light of the intake questionnaire where no proof the defendant had notice of the claims in the questionnaire); *Evenson v. Sprint/United Mgmt. Co*., No. 3:08-CV-0759-D, 2008 U.S. Dist. LEXIS 65661, 7-8 (N.D. Tex. Aug. 21, 2008) (plaintiff did not exhaust administrative remedies on sex discrimination charge even though such allegations were discussed in the EEOC Intake Questionnaire and accompanying documentation, because the Charge of Discrimination did not include a sex discrimination claim and the defendant never received notice of such allegations).

Here, Defendant had no actual or constructive notice or knowledge of Plaintiff's alleged age discrimination or retaliation claims during the course of the EEOC investigation: such claims

were not a part of the Charge, the Intake Questionnaire was not provided to Defendant;[2] and the

EEOC did not request information related to charges other than race discrimination.     *See*

Appendix to Defendant's Motion for Summary Judgment, pp. 109-11.  The documents Plaintiff

may or may not have submitted to the EEOC, or the discussions she held or may have held with

EEOC intake personnel when developing and filing her Charge are of no moment in this case.

*See Evenson*, 2008 U.S. Dist. LEXIS 65661 at *8.

### iii.     *Allegation of Clerical Errors*

In her Response Plaintiff acknowledges that several of her claims were not included in

her Charge due to clerical errors beyond her control:  "King voiced her claim to EEOC and

should not be penalized for their clerical errors."  Plaintiff's Response to Defendant's Motion to

Dismiss (Document 63), p. 3. But this Court has continuously held that an EEOC clerical error,

even one supported by an affidavit from an EEOC employee admitting to the error, does not

negate the exhaustion requirement; we are instead beholden to the facts as alleged in the Charge.

*See, e.g., Patton v. Fujitsu*, No. 3:02-CV-1848-G, 2002 U.S. Dist. LEXIS 21589 at *14-15 (N.D.

Tex. Nov. 7, 2002); *Lawrence v. United Airlines, Inc*., No. 3:01-CV-0809-H, 2002 U.S. Dist.

LEXIS 12559, 10-11 (N.D. Tex. July 10, 2002). In this instance, Plaintiff's allegation that

someone with the EEOC made a clerical error is conclusory, unsupported by any evidence. *See*

*id.*

As Plaintiff failed to exhaust her administrative remedies with respect to the ADEA age

discrimination and Title VII retaliation claims, such claims are barred for lack of subject matter

jurisdiction. *See Garrett v. Judson Indep. Sch. Dist.*, 299 Fed. App'x 337, 344 (5th Cir. 2008).

---

[2] Nor has Plaintiff offered proof that Defendant had notice of the claims in the Questionnaire or other documentation.  *See Kretchmer,* 2009 U.S. Dist. LEXIS 27491, at *14-16 (N.D. Tex. Mar. 31, 2009).

B.      *Plaintiff's Attempt to Add New Constitutional Claims Must Fail*

In her Response, Plaintiff raises for the first time, Constitutional claims and invokes 42 U.S.C. §§ 1981 and 1983, entirely new causes of action to this matter. Were the Plaintiff not *pro se,* Defendant would not occupy the Court's time addressing these claims.   Because of Plaintiff's *pro se* status however, Defendant offers the following brief replies to the Response, reminding the Court that despite the courtesies and deference paid to a *pro se* Title VII plaintiff, the pleading latitude permitted has its limitation. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (noting that although *pro se* pleadings are construed liberally, all litigants must abide by Rules of procedure); s*ee also Hinds v. Slagel,* No. 3:00-CV-2372-D, 2001 U.S. Dist. LEXIS 19705, at *4 (N.D. Tex. Nov. 29, 2001) ("A *pro se* litigant's pleadings are viewed liberally, but he is not permitted to disregard the rules.").

i.      ***Plaintiff's New Claims***

While not clear, Plaintiff appears to assert a First Amendment Free Speech Retaliation Claim when she states in her Response:

> Plaintiff had previously spoken with Mr. Shull about many issues regarding Life School, which receives public funding. King spoke out about matters of public concerns. …Plaintiff invoked *[sic]* her free speech and never received due process of the law.

Plaintiff's Response, pp. 1, 3.   Plaintiff again invokes Free Speech when she cites to and summarizes the holdings in two landmark U. S. Supreme Court cases: *Pickering v. Board of Education*, 391 U.S. 563 (1968) and *Connick v. Myers*, 461 U.S. 138 (1938).   Plaintiff's Response p. 4.  Plaintiff also asserts Fifth and Fourteenth Amendment Due Process, property and liberty interest claims.   *Id.* at 3.   She mentions Equal Protection in passing, where she states:

> In the employment context, the right of equal protection limits the power of the state and federal governments to discriminate in their employment practices by treating employees, former employees, or job applicants unequally because of membership in a group (such as a race or sex). Due process protection requires that

> employees receive a fair process before the termination of the termination relates to
> a "liberty" (such as the right to free speech) or property interest.

*Id.* Finally, while not offering evidence in support of the same, Plaintiff cites to 42 U.S.C.

§§ 1981 and 1983 discrimination and retaliation claims, claiming the Court has jurisdiction under

42 U.S.C. §§ 1331 and 1343.  *See id.*

### ii.      *Procedural Requirements of Amendment of Pleadings*

It has been held that a response to a motion to dismiss, wherein plaintiff first alleges that

new claims, could be akin to a motion to amend pleadings under Federal Rule of Civil Procedure

Rule 15(a); however, the Fifth Circuit clarified that under Rule 15(a), and as exists in this

instance, after a responsive pleading has been served, a party may amend only "with the

opposing party's written consent or the court's leave." *Reasoner v. Hous. Auth. of the City of*

*Teague*, 286 Fed. Appx. 878, 880 (5th Cir. Tex. 2008) (quoting FED. R. CIV. P. 15(a)(2)).

Moreover, in considering a motion to amend pleadings, the court should not permit a motion

where there has been undue delay, bad faith or dilatory motive…undue prejudice to the opposing

party, and/or futility of amendment." *Jacobsen v. Osborne*, 133 Fl 3d 315, 218 (5th Cir. 1998).[3]

**Undue Delay and Prejudice**.  Concerning prejudice, the Fifth Circuit has recognized that

a "defendant is prejudiced if an added claim would require the defendant 'to reopen discovery

and prepare a defense for a claim different from the [one]...that was before the court.'" *Smith v.*

*EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (quoting *Duggins v. Steak 'n Shake, Inc.*,

195 F.3d 828, 834 (5th Cir. 1999)).  Plaintiff filed her EEOC Charge on September 2, 2009,

alleging and appraising Defendant of only claims of race discrimination.  *See* Appendix to

Defendant's Motion for Summary Judgment, p. 109.  Discovery in this matter was completed by

---

[3] *See also Wilkes*, 20 F.3d at 653 (5th Cir. 1994) (noting that although pro se pleadings are construed liberally, all litigants must abide by rules of procedure); s*ee also Hinds,* 2001 U.S. Dist. LEXIS 19705 at *4 ("A *pro se* litigant's pleadings are viewed liberally, but he is not permitted to disregard the rules.").

the Court's set deadline of December 13, 2010.  *See* Amended Scheduling Order (Document 31), p. 1.  The deadline to amend pleadings was June 28, 2010.  *See id.*  Defendant's Motion for Summary Judgment was filed January 28, 2011. *See* Defendant Life School's Motion for Summary Judgment (Document 41).  Defendant's Motion to Dismiss was filed May 4, 2011. *See* Defendant Life School's Rule 12(b)(1) and 12(h)(3) Motion to Dismiss for Want of Subject Matter Jurisdiction (Document 59).  The first time the above claims were raised by Plaintiff was in her Response to Defendant's Motion to Dismiss, filed May 25, 2011.  *See* Plaintiff's Response, pp. 3-5.  Plaintiff's assertion of new claims in her Response, at this late date and long after the time to amend pleadings and conduct discovery has closed, constitutes undue delay and prejudice to Defendant.  *See Smith*, 393 F.3d at 596.

**Bad Faith and Dilatory Motives**.  Defendant acted in good faith to address Plaintiff's allegations.  Faced with Defendant's Motion to Dismiss any remaining Title VII or age claims for failure to have either properly pled those claims or exhausted those claims before the EEOC, Plaintiff now raises the specter of multiple constitutional and statutory claims which she could have but did not raise at any time previous.  It does not appear that this last-minute, last-ditch effort to avoid pronouncement of the Court, and to take a panoply of new claims into the courtroom is one of good faith.  *See Louisiana v. Litton Mortgage Co.*, 50 F.3d 1298, 1304 (5th Cir. 1995).

**Futility**.  Plaintiff was employed by a 501(c)(3) corporation, and as such is not a public employee nor is Defendant a governmental entity employer.  *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 813 (9th Cir. 2010); *see Ohnesorge v. Winfree Academy Charter School,* 328 S.W.3d 654 (Tex. App.–Dallas, Nov. 16, 2010, no pet. h.) (recognizing that an open-enrollment charter school, such as Defendant, is not generally considered a

governmental entity or political subdivision of the state under Texas law).  Even were Plaintiff a public employee, her attempts to raise constitutional issues would be futile under the facts alleged.  Plaintiff was an at-will employee.  As an at-will public employee she would enjoy no property rights requiring the provision of due process under the Fifth and Fourteenth Amendments of the U. S. Constitution.  *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). Plaintiff's attempt at a Free Speech claim is also futile.  Even if she were a public employee, public employees, who make statements pursuant to their official duties, are not insulated from employer discipline.  *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006).

Plaintiff suggests a liberty interest claim requiring due process.  A liberty interest claim is defeated by a name-clearing opportunity.  *Codd v. Velger*, 429 U.S. 624, 633 n.3 (U.S. 1977). Plaintiff was provided with such process as she acknowledged in her reply that she "followed her end of the…grievance process of Life School in which she pursued all three steps to allow Life School to remedy the subject matter. ...Life School did not give any due process to Plaintiff in this matter[.]"  Plaintiff's Response, p. 2.  As part of the name-clearing process, Plaintiff met with the Assistant Superintendent and Superintendent, and spoke before the school's Board of Directors.  *See* Defendant's Motion for Summary Judgment, p. 9.

Finally, Plaintiff's attempt to raise Section 1981 and Section 1983 claims must also fail. As thoroughly discussed above, Plaintiff has not properly amended her pleadings and Defendant is prejudiced by her failings; and therefore the Court cannot consider such claims.  For the reasons outlined above, Plaintiff's attempt to amend her pleadings through the addition of claims in her Response should be denied.

III.   **CONCLUSION.**

Plaintiff has offered no evidence supporting her contention that she properly exhausted her administrative remedies such that this Court has jurisdiction to review her new ADEA discrimination and Title VII retaliation claims.   Further, she cannot use her Response to Defendant's Motion to Dismiss as a vehicle for adding new claims.   For all of the reasons discussed in Defendant's Motion to Dismiss and this Reply, Plaintiff's remaining "claims" must be dismissed.

IV.   **PRAYER**

WHEREFORE, Defendant Life School respectfully requests that the Court grant its Motion to Dismiss, enter an Order dismissing all of Plaintiff's live and/or asserted claims with prejudice, and grant all such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**ROGERS, MORRIS & GROVER, L.L.P.**

Robert A. Schulman
*rschulman@rmgllp.com*
State Bar No. 17834500
Joseph E. Hoffer
*jhoffer@rmgllp.com*
State Bar No. 24049462
Tiffanie S. Clausewitz
*tclausewitz@rmgllp.com*
State Bar No. 24051936
517 Soledad Street
San Antonio, Texas 78205-1508
Telephone: (210) 242-3300
Facsimile:  (210) 242-3333
**ATTORNEYS FOR DEFENDANT**

12

## CERTIFICATE OF SERVICE

On June 8, 2011, I electronically submitted the foregoing document with the Clerk of Court for the U. S. District Court, Northern District of Texas, using the electronic case filing system of the Court.   I hereby certify that I have served a copy on *pro se* Plaintiff as follows:

> Ms. Lora King, 8641 Vista Grande Drive, Dallas, Texas 75249, *Pro Se* Plaintiff, by Certified Mail Return Receipt Requested, Regular First Class Mail and e-mail transmission.

Attorney for Defendant

13