**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LORA KING,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:10-CV-0042-BH** |
| | § | |
| **LIFE SCHOOL, et. al.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the order of reassignment, filed May 12, 2010, and the consent of the parties, this matter was transferred for the conduct of all further proceedings and entry of judgment. Before the Court is *Defendant Life School's Rule 12(b)(1) and 12(h)(3) Motion to Dismiss for Want of Subject Matter Jurisdiction* (doc. 59), filed May 4, 2011. Based on the relevant filings, evidence, and applicable law, the motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Lora King is an African American female and a former employee of Life School. In June 2009, the school informed her that her employment would not be continued in the subsequent school year. She filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in September 2009, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). The EEOC dismissed her complaint and issued a right-to-sue letter the following month. On January 11, 2010, Plaintiff filed this action against the school, its superintendent, and its principal claiming race discrimination and retaliation under Title VII, and age discrimination under the Age Discrimination in Employment Act ("ADEA"). Plaintiff alleged

that she was wrongfully terminated without prior warning or discipline while employees who were Caucasian, less senior, and younger were retained despite receiving warnings; the principal retaliated against her for raising concerns about inappropriate things within the school's administration such as discrimination; and the superintendent accepted the retaliation despite being aware of her good character.  The civil cover sheet accompanying her complaint also alleged gender discrimination under Title VII, and discrimination under the Uniformed Services Employment and Reemployment Rights Act ("USERRA").

On May 11, 2010, the principal and the superintendent moved to dismiss Plaintiff's Title VII claims against them.  The motion was granted on June 24, 2010, and the claims were dismissed with prejudice.  On January 28, 2011, the school moved for summary judgment on Plaintiff's Title VII race discrimination claim.  The motion was granted on May 26, 2011, and the race discrimination claim against the school was dismissed with prejudice.  Plaintiff's retaliation and gender discrimination claims under Title VII, her age discrimination claim under the ADEA, and her claims under the USERRA remained pending for trial.  The school now moves to dismiss those claims for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure.  With a timely filed response and reply, the motion is now ripe for determination.

## II.  RULE 12(b)(1) AND 12(h)(3) MOTIONS

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and "may be raised by a party, or a by a court on its own initiative at any stage in the litigation, even after trial and the entry of judgment."  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006).  Rule 12(h)(3) specifically provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

- 2 -

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.* Facial attacks are usually made early in the pro-ceedings. *Id.* Where the defendant supports the motion with evidence, then the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

Because the school has supported its motion with evidence, the evidence presents a factual attack and no presumptive truthfulness attaches to Plaintiff's factual allegations. *See Williamson*,

645 F.2d at 412.

## A.  Failure to Exhaust ADEA, Retaliation, and Gender Discrimination Claims

The school asserts that the Court lacks jurisdiction over Plaintiff's ADEA claim and her claims for retaliation and gender discrimination under Title VII because she has failed to exhaust her administrative remedies by not including those claims in her EEOC charge.  This assertion is based on Fifth Circuit case law treating exhaustion as implicating subject matter jurisdiction.

The Fifth Circuit recognizes there is a split in the circuit on "whether a Title-VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction."  *Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006).  While both the Supreme Court and the Fifth Circuit sitting en banc have held that the EEOC filing deadlines are not jurisdictional, neither has decided the issue of whether exhaustion is a jurisdictional prerequisite or merely a condition precedent to suit.  *See id.* (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Coke v. Gen. Adjustment Bureau*, 640 F.2d 584, 595 (5th Cir. 1981)).  Different Fifth Circuit panels have reached differing conclusions on the issue.  *Compare, e.g., Sanchez v. Standard Brands Inc.*, 431 F.2d 455, 460 (5th Cir. 1970) and *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (condition precedent) with *Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990) and *Garret v. Judson Indep. Sch. Dist.*, 299 F.App'x 337, 344 (5th Cir. 2004) (jurisdictional prerequisite).  Applying the rule in this circuit that "one panel may not overrule the decision — right or wrong — of a prior panel, absent en banc reconsideration or a superseding contrary decision of the Supreme Court," *In re Dyke*, 943 F.2d 1435, 1442 (5th Cir.1991), this court finds that exhaustion is a conditional precedent rather than a jurisdictional prerequisite to maintaining a Title VII action.  *See Gates v. City*

- 4 -

*of Dallas, Tex.*, 1997 WL 405144, at *1 (N.D. Tex. July 15, 1997) (Fitzwater, J.) (citing *Sanchez*, 431 F.2d at 460).   Exhaustion in the ADEA context is similarly a condition precedent rather than a jurisdictional prerequisite to suit. *Stith v. Perot Sys. Corp.*, 122 F. App'x 115, 118 (5th Cir. 2005).

When the failure to exhaust is a condition precedent rather than a jurisdictional prerequisite, a motion to dismiss based on such a failure is properly filed pursuant to Rule 12(b)(6) rather than Rule 12(b)(1). *See Gates*, 1997 WL 405144, at *1; *Baney v. Gonzalez*, 2007 WL 1944462, at *4. (N.D. Tex. June 27, 2007). The school's 12(b)(1) motion to dismiss Plaintiff's ADEA and Title VII claims will therefore be treated as a 12(b)(6) motion to dismiss for failure to state a claim.

## B. Failure to Plead USERRA and Gender Discrimination Claims

The school also asserts that there is no jurisdiction over Plaintiff's USERRA and Title VII gender discrimination claims because she has failed entirely to plead those claims in her complaint under the standard set out in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007).  Since the school's argument challenges the sufficiency of the pleadings, and relies on *Twombly*'s standard regarding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the proper procedural vehicle for bringing this challenge was a 12(b)(6) motion, and not a 12(b)(1) motion to dismiss for lack of jurisdiction.   The school's 12(b)(1) motion to dismiss Plaintiff's USERRA and Title VII gender discrimination claims will also be treated as a 12(b)(6) motion to dismiss for failure to state a claim.

## III.  RULE 12(b)(6) MOTION

A Rule 12(b)(6) motion to dismiss objects that a complaint fails "to state a claim upon which relief can be granted," and may be made in any pleading, by motion for judgment on the pleadings, or at trial on the merits, but not post-trial. *Arbaugh*, 546 U.S. at 507 (citing Fed. R. Civ. P. 12(h)(2); *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)).   A motion to dismiss under Rule 12(b)(6) is disfavored

and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the pleadings.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In the 12(b)(6) context, pleadings include attachments to the complaint.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  In addition, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim."  *Collins*, 224 F.3d at 499 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  Furthermore, " it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."  *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).  When a party presents "matters outside the pleading" with a Rule 12(b)(6) motion to dismiss, the court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss.  *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 & n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007).

It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers."  *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts

is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 556 (2007) (citation omitted).  Nevertheless, a plaintiff must provide "more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at

555.  The alleged facts must "raise a right to relief above the speculative level." *Id*.  In short, a

complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts

to state a claim to relief that is plausible on its face." *Id*. at 570.

## A.  Failure to Exhaust ADEA, Retaliation, and Gender Discrimination Claims

The school asserts that Plaintiff's claims of retaliation and gender discrimination under Title

VII, and her claim of age discrimination under the ADEA should be dismissed because she has

failed to allege those claims in her EEOC charge.  The school provides as evidence her EEOC

charge, dated September 2009, with only the box for race discrimination checked on it and asserting

the following:

> I believe I have been discriminated against because of my race, Black, in violation
> of Title VII of the Civil Rights Act of 1964, as amended, in that non-Blacks,
> specifically Tyler Huegel, Clarissa Ross, James Watkins and Amanda Fletcher,
> received performance warnings and I did not.

(*See* D. App.)  The charge alleges that the discrimination occurred in June 2009.  (*Id.*)[1]

Title VII makes it unlawful for employers to discriminate against individuals with respect

to their "compensation, terms, conditions, or privileges of employment, because of [their] race,

color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  It also makes it unlawful for

employers to retaliate against an individual "because he has opposed any practice made an unlawful

---

[1]  Even though the EEOC charge is a matter outside the pleading, judicial notice of it may be taken as a
matter of public record when deciding a Rule 12(b)(6) motion, especially since its authenticity is uncontested.  *See
Cinel*, 15 F.3d at 1343 n.6.

employment practice by [Title VII], or . . . has made a charge, testified, assisted, or participated in

any manner in an investigation, proceeding, or hearing under [Title VII]." *Id.* § 2000e-3(a). The

ADEA likewise makes it unlawful for an employer to discriminate against an individual based on

her age. 29 U.S.C. § 623(a)(1). Before an individual can pursue a Title VII or ADEA claim in

federal court, she must exhaust her available administrative remedies by filing a charge with the

EEOC. *Taylor*, 296 F.3d at 378-79 (Title VII); *D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*,

629 F.3d 450, 455 (5th Cir. 2010) (ADEA). If a plaintiff files a charge with the EEOC, the scope

of a subsequent judicial complaint is limited to the "scope of the EEOC investigation which can

reasonably be expected to grow out of the charge." *Sanchez*, 431 F.2d at 466. This reasonable

expectation rule requires that the allegations in a subsequent judicial complaint be "like or related

to" allegations made in the EEOC charge. *See Vuyanich v. Republic Nat'l Bank of Dallas*, 723 F.2d

1195, 1201 (5th Cir. 1984); *see also Stith*, 122 F. App'x at 118 (citing *Sanchez*, 431 F.2d at 466).

Here, Plaintiff only checked the box for race discrimination on her EEOC charge, and failed

to make any allegations related to age discrimination, gender discrimination, or retaliation. Because

the facts alleged in her complaint related to race, an investigation reasonably expected to grow out

of that charge would not encompass retaliation, gender discrimination, or age discrimination.

Although Plaintiff claims that she articulated all the facts from her complaint in a verbal interview

she gave to the EEOC, there is no evidence to support that claim, and there is no reason why she

could not have included those allegations in her actual EEOC charge. *See Harris v. Honda*, 2005

WL 2416000, at *2 (N.D. Tex. Sept. 30, 2005); *Donnelly v. St. John's Mercy Med. Ctr.*, 635

F.Supp.2d 970, 999 (E.D. Mo. 2009) (even an intake questionnaire is not construed as a charge when

the complainant has submitted an actual charge). Plaintiff has simply failed to exhaust her age and

gender discrimination claims, and her retaliation claim.  While retaliation claims need not be exhausted if they grow out of or stem from an earlier filing of an EEOC charge, the exception is not applicable here because the retaliation claimed in this case allegedly occurred in advance of the EEOC filing.  *See Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 413-14 (5th Cir. 1981) (discussing exception for retaliation claims); *see also Sapp v. Potter*, 413 F. App'x 750, 752-53 (5th Cir. 2011).

   Since Plaintiff has failed to exhaust her administrative remedies with respect to her sex and age discrimination claims and her retaliation claim, those claims are subject to dismissal.

## B.  Failure to Plead USERRA and Gender Discrimination Claims

   The school argues that Plaintiff has failed entirely to plead  her USERRA and her Title VII gender discrimination claims and has merely mentioned those claims in the civil cover sheet attached to her complaint.  Because the gender discrimination claim is subject to dismissal for failure to exhaust, only the USERRA claim is subject to dismissal for failure to plead.

   The USERRA prohibits discrimination against individuals because of their service in the uniformed services.  38 U.S.C. §§ 4301, 4303(16).  It specifically prohibits any state, federal, or private employer from denying any benefit of employment on the basis of an individual's membership, application for membership, performance of service, application for service, or obligation for service in the uniformed services.  *Id.* at §§ 4303(4), 4311.  It also prohibits an employer from retaliating against a person by taking adverse employment action against that person because he or she has taken an action to enforce a protection afforded under USERRA.  *See id.* § 4311(b); *see also Rogers v. City of San Antonio*, 392 F.3d 758, 762 (5th Cir. 2004).

   Here, Plaintiff has failed to make any allegations that the school discriminated against her on the basis of her membership, application for membership, performance of service, application

for service, or obligation for service in the uniformed services.  She has also failed to allege that the school retaliated against her for taking an action to enforce a protection afforded by the USERRA. Other than invoke USERRA in the civil cover sheet, Plaintiff has done nothing to support her USERRA claim.  She has therefore failed to state a claim upon which relief may be granted.

## IV.  NEW CLAIMS

Plaintiff appears to raise new claims in her response to the motion to dismiss, including claims for racial discrimination, harassment, and retaliation under 42 U.S.C. § 1981, and violations of the First, Fifth, and Fourteenth Amendments of the United States Constitution under 42 U.S.C. § 1983.  She claims that the school retaliated against her for speaking up about many matters of public concern regarding the school, which receives public funding, and for voicing opposition and concern over the discriminatory treatment of African American parents and children.  She also states that she followed the school's three-step grievance process but did not receive a response, and therefore no due process, from the school.

When a *pro se* plaintiff raises a new claim for the first time in response to a motion to dismiss, the district court should construe the new claim as a motion to amend the complaint under Fed. R. Civ. P. 15(a).  *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (a response to a motion to dismiss, in which plaintiff alleged for the first time that she had been willfully discriminated against, should have been treated as a motion to amend her pleadings); *Debowale v. U.S. Inc.*, 62 F.3d 395, 395 (5th Cir. 1995) (a response to a motion for summary judgment motion, in which Plaintiff raised a Biven's claim raised for the first time, should have been construed as a motion to amend the complaint under Rule 15(a)).

Here, even construed as a motion to amend, Plaintiff's response does not provide adequate

factual support for her new claims and asserts them only in a vague and conclusory manner.  Nor does the response comply with Local Rule 15.1, which provides that when a party files a motion for leave to file an amended pleading, she must attach a copy of the proposed amended pleading to the motions.  While the school contends in its reply that an amendment should not be allowed, Plaintiff has not had an opportunity to respond to this contention.  Within fourteen days from the date of this order, Plaintiff may file a procedurally proper motion for leave to file an amended complaint that explains why she should be allowed to amend her complaint at this stage of the proceedings to add these new claims.

## V.  CONCLUSION

The school's motion to dismiss is **GRANTED**.  Plaintiff's USERRA claim is dismissed with prejudice for failure to state a claim, and her age discrimination under the ADEA, and her retaliation and gender discrimination claims under Title VII, are dismissed without prejudice[2] for failure to exhaust administrative remedies.  If Plaintiff does not move for leave to file an amended complaint that asserts her new claims in a procedurally proper manner within fourteen days from the date of this order, a final judgment will be entered in this case.

**SO ORDERED** on this 9th day of August, 2011.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Generally, dismissals under Rule 12(b)(6) are on the merits and should be with prejudice.  *Csorba v. Varo, Inc.*, 58 F.3d 636, 636 (5th Cir. 1995) (per curiam) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).  However, "[w]hen a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies."  *Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004) (citing *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997); *Crawford v. Tex. Army Nat'l Guard*, 794 F.2d 1034, 1035, 1037 (5th Cir. 1986)).