IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LORA KING, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:10-CV-0042-BH |
| § | |
| LIFE SCHOOL, et. al., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the order of reassignment, filed May 12, 2010, and the consent of the parties, this matter was transferred for the conduct of all further proceedings and entry of judgment. Before the Court is Plaintiff's *Motion for Leave to Amend Complaint*, filed August 23, 2011 (doc. 68). Based on the relevant filings and applicable law, the motion is **DENIED**.

### I. BACKGROUND

Plaintiff Lora King is an African American female and a former employee of Life School. In June 2009, the school informed her that her employment would not be continued in the subsequent school year. She filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in September 2009, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). The EEOC dismissed her complaint and issued a right-to-sue letter the following month. On January 11, 2010, Plaintiff filed this action against the school, its superintendent, and its principal claiming race discrimination and retaliation under Title VII, and age discrimination under the Age Discrimination in Employment Act ("ADEA"). Plaintiff alleged that she was wrongfully terminated without prior warning or discipline while employees who were

Caucasian, less senior, and younger were retained despite receiving warnings; the principal retaliated against her for raising concerns about inappropriate things within the school's administration such as discrimination; and the superintendent accepted the retaliation despite being aware of her good character. The civil cover sheet accompanying her complaint also alleged gender discrimination under Title VII, and discrimination under the Uniformed Services Employment and Reemployment Rights Act ("USERRA").

On May 11, 2010, the principal and the superintendent moved to dismiss Plaintiff's Title VII claims against them. The motion was granted on June 24, 2010, and the claims were dismissed with prejudice. On January 28, 2011, the school moved for summary judgment on Plaintiff's Title VII race discrimination claim. The motion was granted on April 26, 2011, and her race discrimination claim against the school was dismissed with prejudice. Her retaliation and gender discrimination claims under Title VII, her age discrimination claim under the ADEA, and her claims under the USERRA remained pending for trial. On May 4, 2011, the school moved to dismiss those claims for lack of subject matter jurisdiction. Plaintiff responded to the motion on May 25, 2011, and appeared to raise new claims in her response, including claims for racial discrimination, harassment, and retaliation under 42 U.S.C. § 1981, and violations of the First, Fifth, and Fourteenth Amendments of the United States Constitution under 42 U.S.C. § 1983.

The school's motion to dismiss was granted on August 9, 2011; Plaintiff's USERRA claim against it was dismissed with prejudice for failure to state a claim, and her age discrimination under the ADEA, and her retaliation and gender discrimination claims under Title VII, were dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff's attempt to raise new claims was construed as a motion to amend, and she was allowed 14 days to file a procedurally

proper motion for leave to file an amended complaint that explained why she should be allowed to amend her complaint at such a late stage of the proceedings. Plaintiff filed the motion on August 23, 2011. With a timely filed response and reply, the motion is now ripe for determination.[1]

## II. ANALYSIS

Plaintiff moved to amend her complaint to add new claims on May 25, 2011, almost a year after the June 28, 2010 deadline specified in the amended scheduling order for filing motions for leave to amend pleadings, in response to a motion to dismiss her remaining claims.

Motions to amend made before the expiration of a scheduling order's deadline are governed by Federal Rule of Civil procedure 15(a)(2), which provides that a court "should freely give leave when justice so requires." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Post-deadline motions to amend, however, are governed by Rule 16(b)(4)'s more stringent standard, which provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." *Id.* (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters.*, 315 F.3d at 535 (citation omitted). Only after a party has shown good cause for not meeting the scheduling order deadline does the more liberal standard of Rule 15(a) apply to the court's decision to grant or deny leave. *Fahim*, 551 F.3d at 348 (citing *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)). Four factors are relevant in determining whether good cause exists to permit a post-deadline amendment: (1) the explanation for the failure

---

[1] On September 27, 2011, the school moved for leave to file a sur-reply to Plaintiff's reply in support of her motion to amend. (*See* doc. 72.) Since the motion to amend has been denied, a sur-reply is unnecessary, and the motion for leave to file a sur-reply is **DENIED** as moot.

to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *See Sw. Bell*, 346 F.3d at 546 (citing *S&W Enters.*, 315 F.3d at 536).

**A. Explanation for Failure to Timely Move**

Plaintiff explains her failure to timely move for an amendment to include her §§ 1981 and 1983 claims in her complaint as resulting from her *pro se* status and being unacquainted with many of the rules and procedures of the court. She states that these claims were part of her original complaint, but she was unable to articulate the subject matter in its full capacity. Even if Plaintiff is proceeding *pro se*, she has not explained why she waited almost 20 months after she filed the case and nearly 11 months after the deadline for amendment to assert her claims. She has failed to provide a persuasive explanation for her failure to timely move for leave to add her new claims. The first factor therefore does not favor an amendment.

**B. Importance of the Amendment**

With respect to the "importance" prong of the "good cause" standard, Plaintiff does not make any argument. Consequently, this factor also does not favor an amendment.

**C. Potential Prejudice from the Amendment**

While Plaintiff does not make any argument with respect to the fourth factor, the school argues that there is potential prejudice from the proposed amendment. It argues that it has been forced to expend public funds for over a year and a half in continued defense against Plaintiff's claims. It contends that all of her claims so far have been found meritless, and allowing her to assert new claims based on the same alleged facts would unjustly prolong this lawsuit and the financial burden on it in continuing its defense. Additionally, it argues that the claims are new and the

defenses applicable to the dismissed claims are not necessarily applicable to the new claims. Because allowing the new claims would require essentially restarting the lawsuit for amended pleadings, discovery, and motions, the court finds that there is potential prejudice from the proposed amendment and that the third factor does not favor an amendment.

### D. Availability of a Continuance

Plaintiff does not make any arguments with respect to the fourth factor of the "good cause" analysis, and the court finds that it also does not favor an amendment. Granted that Plaintiff is proceeding *pro se*, she moved for leave to amend almost 20 months into the case and nearly 11 months outside the deadline for such motions. A continuance is not advisable at such a late stage of trial especially when all of her other claims have already been dismissed. Even if a continuance is granted, it would not cure the potential prejudice to the school of having to answer these new claims and continue a financially burdensome defense.

Considering the four factors together, Plaintiff has failed to meet her burden to establish that good cause exists to permit a post-deadline amendment of her complaint. *See S&W Enters.*, 315 F.3d at 536; *Unger v. Taylor*, 368 F.App'x 526, 530 (5th Cir. 2010) (affirming district court's denial of a motion to amend in the face of movant's argument that he was *pro se* and had "inartfully pled" his claims; he had filed the motion nearly 11 months after the deadline for amendments, he had failed to explain the tardiness of the motion, trial in the case was imminent, and defendants had not consented to the amendment).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend her complaint is **DENIED**.

**SO ORDERED** on this 3rd day of November, 2011.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE