IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LORA KING, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:10-CV-0042-BH |
| § | |
| LIFE SCHOOL, et. al., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the order of reassignment, filed May 12, 2010, and the consent of the parties, this matter was transferred for the conduct of all further proceedings and entry of judgment. Before the Court is Plaintiff's *Motion for Reconsideration*, filed December 1, 2011 (doc. 78). Based on the relevant filings and applicable law, the motion is **DENIED**.

### I. BACKGROUND

Plaintiff Lora King is an African American female and a former employee of Life School. In June 2009, the school informed her that her employment would not be continued in the subsequent school year. She filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in September 2009, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). The EEOC dismissed her complaint and issued a right-to-sue letter the following month. On January 11, 2010, Plaintiff filed this action against the school, its superintendent, and its principal claiming race discrimination and retaliation under Title VII, and age discrimination under the Age Discrimination in Employment Act ("ADEA"). Plaintiff alleged that she was wrongfully terminated without prior warning or discipline while employees who were

Caucasian, less senior, and younger were retained despite receiving warnings; the principal retaliated against her for raising concerns about inappropriate things within the school's administration such as discrimination; and the superintendent accepted the retaliation despite being aware of her good character. The civil cover sheet accompanying her complaint also alleged gender discrimination under Title VII, and discrimination under the Uniformed Services Employment and Reemployment Rights Act ("USERRA").

On May 11, 2010, the principal and the superintendent moved to dismiss Plaintiff's Title VII claims against them. The motion was granted on June 24, 2010, and the claims were dismissed with prejudice. On January 28, 2011, the school moved for summary judgment on Plaintiff's Title VII race discrimination claim. The motion was granted on April 26, 2011, and her race discrimination claim against the school was dismissed with prejudice. Her retaliation and gender discrimination claims under Title VII, her age discrimination claim under the ADEA, and her claims under the USERRA remained pending for trial.

On May 4, 2011, the school moved to dismiss the pending claims for lack of subject matter jurisdiction. Plaintiff responded to the motion on May 25, 2011, and appeared to raise new claims in her response, including claims for racial discrimination, harassment, and retaliation under 42 U.S.C. § 1981, and violations of the First, Fifth, and Fourteenth Amendments of the United States Constitution under 42 U.S.C. § 1983. The school's motion to dismiss was granted on August 9, 2011. Plaintiff's USERRA claim against it was dismissed with prejudice for failure to state a claim, and her age discrimination under the ADEA, and her retaliation and gender discrimination claims under Title VII, were dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff's attempt to raise new claims was construed as a motion to amend, and she was allowed 14

days to file a procedurally proper motion for leave to file an amended complaint that explained why she should be allowed to amend her complaint at such a late stage of the proceedings.

Plaintiff filed the motion to amend on August 23, 2011, explaining that her failure to timely move for an amendment resulted from her *pro se* status and from being unacquainted with many of the rules and procedures of the court. The motion was denied on November 3, 2011, on grounds that Plaintiff had failed to establish good cause for permitting a post-deadline amendment of her complaint, that there was potential prejudice to the school from the post-deadline amendment, and that a continuance at such a late stage of the of the proceedings would not cure the potential prejudice to the school from the post-deadline amendment. A final judgment was entered pursuant to Fed. R. Civ. P. 58(a).

On December 1, 2011, Plaintiff filed this motion to reconsider, seeking the Court to alter or amend its judgment pursuant to Fed. R. Civ. P. 59(e).

## II. ANALYSIS

Federal Rule of Civil Procedure 59(e) provides that a party may move to amend or alter a judgment within 28 days after entry of the judgment. To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483.

When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff "asks the Court to reconsider the matter of her claim" by assessing "evidence that was submitted during the course of summary judgment." She argues that the school's defense that she was fired because of her poor work performance, misconduct, and at-will status is meritless and unsupported by credible evidence other than statements given by several of its administrative staff members. She essentially questions and rehashes the evidence underlying the school's January 2011 summary judgment motion, and does not identify an intervening change in controlling law, point out the availability of new evidence not previously available, or identify a manifest error of law or fact. While she generally refers to the rights "listed in the 6th Amendment," Sixth Amendment rights are applicable only to accuseds in criminal prosecutions, and she does not explain how these rights apply in the context of her motion to reconsider in this civil case or why she was unable to assert these rights before judgment was entered. The arguments provided in her motion are simply insufficient for granting her the extraordinary remedy available in Rule 59(e).

### III.  CONCLUSION

Plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED** on this 21st day of May, 2011.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE